OPINION
{¶ 1} This accelerated calendar appeal arises from the Trumbull County Court of Common Pleas, Domestic Relations Division where a judgment of divorce was entered.
{¶ 2} Richard and Glenda Slomcheck were married on May 28, 1974. There was one child born of the marriage. Directly prior to the marriage, appellant, Richard Slomcheck, purchased a parcel of real estate in Warren, Ohio for $28,855.25. Appellant used $20,155.25 of his own funds and borrowed $8,700.00 from a commercial lender that was secured by a mortgage. The property became the marital residence.
{¶ 3} The parties separated in early August 1999. On August 31, 1999, appellee, Glenda Slomcheck, filed her complaint for divorce, citing extreme cruelty and incompatibility. A final hearing was held on December 6, 2000, and a final judgment entry was issued on August 21, 2001. Appellant files this timely appeal citing two assignments of error.
{¶ 4} Appellant's first assignment of error is:
 {¶ 5} "The trial court committed error by failing to grant passive appreciation on the separate property down payment of appellant."
{¶ 6} Appellant argues that the trial court erred in not granting him passive appreciation for the $20,155.25 down payment on the marital residence. Appellant contends that had he put that amount of money into a bank at 5% annual compounded interest at the same time he had used it as a down payment on the marital residence, he would have approximately $70,000 at the date of trial. The parties stipulated that the fair market value of the house was $80,000. Appellant contends there was no testimony regarding any appreciation based on any improvements made to the real estate and, as such, all appreciation is passive. Appellant argues that both the statute and the case law recognize passive appreciation as included within the definition of separate property and, thus, the trial court erred in not awarding appellant passive appreciation as well as the initial down payment of $20,155.25.
{¶ 7} R.C. 3105.171(A)(6)(a), governing separate property, reads in pertinent part:
 {¶ 8} "`Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
{¶ 9} "* * *
 {¶ 10} "(iii) Passive income and appreciation acquired from separate property by one spouse during the marriage[.]"
{¶ 11} An increase in the value of property resulting from either inflation or the property's location is passive income.[1] However, an increase in property value also arises from repairs and improvements performed by either spouse. Appellant argues that the proportion of the appreciation in the value of the marital property relative to his down payment is passive income and also separate property. He bases this finding on the fact that the house had an original value of $28,800, both parties stipulated to its current value at $80,000 and there was no evidence presented of improvements on the property which would increase its value. Therefore, appellant argues that the increase in the value of the property is strictly passive appreciation and he is entitled to the value of that passive appreciation in proportion to his down payment contribution.
{¶ 12} Appellant's argument is misguided. This court has recognized that, "[t]he party seeking to have the appreciation of value classified as separate property bears the burden of proving that the increased value is passive by a preponderance of the evidence."[2]
(Emphasis in original.)
{¶ 13} Appellant failed to establish by a preponderance of the evidence that the increase in value is passive appreciation and not attributed to any improvements made on the property. Appellant's testimony regarding the possible growth of his down payment to $70,000 at the date of trial is not sufficient to warrant a finding of passive appreciation on his original down payment. Appellant bears the burden of establishing by a preponderance of the evidence that the increase in the value of the property was solely due to passive appreciation. Appellant provided no evidence to establish passive appreciation.
{¶ 14} Appellant's first assignment of error is without merit.
{¶ 15} Appellant's second assignment of error is:
 {¶ 16} "The trial court committed error by recognizing proceeds from the sale of marital property and equally dividing it without also recognizing marital debt and allocating the equitable payment of the obligation from the sales proceeds."
{¶ 17} Appellant argues that the trial court erred dividing the proceeds of an automobile sale without recognizing that the proceeds of the sale went to pay a marital debt. Specifically, appellant contends that he borrowed $10,500 from his father in 1991 to purchase a truck. The terms of the loan were very liberal, with no interest and no specific payback schedule. Appellant testified at trial, that in August 1999, just after the parties separated, appellant sold two vehicles, an Anglia project car and a Thunderbird for a total of $10,750 and repaid his father the entire debt of $10,500.
{¶ 18} In reviewing the division of marital property by a trial court, we must apply the abuse of discretion standard.[3]
{¶ 19} The review of the transcript reveals that both appellant and his father testified that appellant received a loan in the amount of $10,500 from his father. Appellant testified that his wife had no knowledge of the transaction and that there was no record of the transaction.
{¶ 20} In its final judgment entry, the trial court noted that, as the Anglia was marital property, the proceeds of its sale should be divided equally. The court ordered $5,000 of the proceeds of the sale to appellee. Regarding the loan from appellant's father the trial court stated, "[t]he Court does not find the Husband's argument that he repaid his father $10,500 on a previous loan to be well-taken."
{¶ 21} We find that the trial court did not abuse its discretion when it determined that there was no repayment of a loan to appellant's father. After observing the testimony of appellant and his father, the trial court determined that appellant's assertion lacked credibility that a loan in the amount of $10,500 existed and was subsequently paid. Therefore, the trial court did not abuse its discretion in awarding one-half of the proceeds of the car sales to appellee without acknowledging any outstanding marital debt of $10,500 to appellant's father.
{¶ 22} Appellant's second assignment of error is without merit.
{¶ 23} The judgment of the trial court is affirmed.
JUDITH A. CHRISTLEY, J., ROBERT A. NADER, J., concur.
[1] Polakoff v. Polakoff (Aug. 4, 2000), 11th Dist. No. 98-T-0163, 2000 Ohio App. LEXIS 3542, at *12.
[2] White v. White, 11th Dist. No. 2000-P-0036, 2001-Ohio-4310, citingPolakoff at *16.
[3] Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159.